OPINION TO THE GOVERNOR.

The following opinion of the justices of the Supreme Court was delivered to the Governor, December 23, 1910, in the matter of

THE SALE OF INTOXICATING LIQUORS UPON CHRISTMAS DAY.

(1)  *Holidays.  Sale of Intoxicating Liquors.*

Under the provisions of Pub. Laws, cap. 528, amending Gen. Laws, 1909, cap. 201, § 5, when the 25th day of December falls upon a Sunday, in that case the 26th of December shall be a holiday as Christmas day, and under Gen. Laws, 1909, cap. 123, § 2, intoxicating liquors cannot be sold upon that day.

As licensed saloons must remain closed upon that day in compliance with the requirement of § 2 of cap. 123 of Gen. Laws, 1909, the provisions of section 25 of said chapter, permitting boards of aldermen and town councils to prohibit the sale of liquors during specified hours of any holiday not specifically mentioned in section 2 as a day upon which licensed saloons must close, have no application.

SUPREME COURT,
December 23, 1910.

*To His Excellency Aram J. Pothier, Governor of the State of Rhode Island and Providence Plantations:*

We have received from Your Excellency, a request for our c       n upon  ''·2 following questions, viz.:

''ew of the fact that Christmas Day falls on Sunday        vill be observed on Monday, have licensed liquor dea  ''     ight to lawfully sell intoxicating liquors on Monday, the 26th of December, A. D. 1910?''

2.  ''Have Boards of Aldermen and Town Councils the right, under section 25 of above Chapter '' (Chapter 123 of the General Laws of Rhode Island, entitled ''Of the Suppression of Intemperance''), ''to order saloons closed on Monday, the 26th 1910, by giving the 24 hours' notice required by law for the closing of saloons during specified hours of any holiday not

specifically mentioned in section 2 of said chapter as a day upon which licensed saloons must close?"

In response to these questions, we have the honor to submit the following opinion:

Chapter 123 of General Laws, 1909, after providing for the granting of licenses to sell intoxicating liquors, in section 2 provides as follows: "but no license granted under the provisions of this chapter shall authorize any person to sell any spirituous and intoxicating liquors on Sunday, or on any election day, or on Labor day, or on Christmas day, except in licensed taverns when served with food to guests." The 25th day of December has generally been established by the people of christendom as Christmas day. In this State that day has been given legal recognition as Christmas day when it falls upon a secular day.

Section 5 of Chapter 201, General Laws, 1909, as amended by Chapter 528 of the Public Laws, reads as follows:

"SEC. 5. The first day of January (as New Year's day), the twenty-second day of February (as Washington's birthday), the second Friday in May (as Arbor day), the thirtieth day of May (as Memorial day), the fourth day of July (as Independence day), the first Monday of September (as Labor day), the twelfth day of October (as Columbus day), the Tuesday next after the first Monday in November (as State Election day), the twenty-fifth day of December (as Christmas day), and each of said days in every year, or when either of the said days falls on the first day of the week then the day following it, the first day of every week (commonly called Sunday), and such other days as the governor or general assembly of this state or the president or the Congress of the United States shall appoint as holidays, for any purpose, days of thanksgiving, or days of solemn fasts, shall be holidays."

The proper construction of the language of this section, with reference to the matter now under consideration, is that the 25th day of December shall be a holiday as Christmas day, unless it falls upon a Sunday; in that case the 26th day of December shall be a holiday as Christmas day. When the 25th day of December falls upon a Sunday, it is the clear intention of the

statute to extend the Christmas festival over into a secular day. The only reason for making the 26th day of December, in any year, a holiday is because in that year it is in legal contemplation the Christmas day. The religious services connected with Christmas will undoubtedly be largely held upon the 25th of December in this year, as in other years, but the Christmas day known to the law will be the 26th of December. This is the legal interpretation to be placed upon the expression "Christmas day" whenever it appears elsewhere in the statutes, unless it is clearly shown by the context that some other meaning is intended.

There is no other reference to Christmas day in our statutes, except in said section 2, chapter 123, "Of the suppression of intemperance." There is no reason for adopting a different construction of the words "Christmas day" as they appear in said section 2, from the one given to them in the provisions with reference to legal holidays. The State has sought to protect Christmas day, as commemorative of the nativity of Christ, associated with the gentlest sentiments of human nature, dedicated by our people to acts of kindness and of charity. It has prohibited the general sale of intoxicating liquors upon that day, in order that this festival of good will and peace may not be sullied by intoxication and by acts of violence that so frequently accompany the sale of liquor upon holidays. The 25th of December in this year is protected because it is a Sunday. All the considerations which would prompt a prohibition of the sale of liquor upon the 25th day of December, when that day does not fall upon Sunday, are just as pertinent with respect to such a prohibition on the 26th day of December when that day is made the legal Christmas day by legislative enactment.

For these reasons it is our opinion that licensed liquor dealers cannot lawfully sell intoxicating liquors on Monday, the 26th of December, A. D. 1910.

Holding the opinion which we have just expressed in reply to the first question of Your Excellency, we would say in reply to your second question that the provisions of section 25 of said chapter 125, referred to in said second question, have no appli-

cation to Monday, December 26th, throughout the whole of which day licensed liquor saloons must remain closed in compliance with the positive requirement of section 2 of said chapter 123.

EDWARD CHURCH DUBOIS,
CLARKE H. JOHNSON,
C. FRANK PARKHURST,
WILLIAM H. SWEETLAND.

Owing to the illness of Mr. Justice Blodgett, the justices of the Supreme Court, who have submitted the foregoing opinion, have not been able to confer with him.